**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: August 7 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-31883 |
| | ) | |
| Russell C. Tirone and | ) | Chapter 13 |
| Lisa M. Tirone, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO CLAIM

This case is before the court on Debtors' objection ("Objection") [Doc. # 35] to a proof of claim filed by creditor Nuvell Credit Company ("Creditor") and Creditor's response [Doc. # 41]. The court held a hearing that counsel for the parties attended in person. The issue presented is whether Creditor's proof of claim or Debtors' confirmed Chapter 13 plan control the treatment of Creditor's claim where no objection to the plan was filed by Creditor.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving allowance or disallowance of claims are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons that follow, the court will sustain Debtors' Objection.

## FACTS

The facts are undisputed. On February 15, 2007, Debtor Russell Tirone signed a promissory note in favor of Taylor Cadillac, which was then assigned to Creditor. [Claim No. 9, Part 2, p. 1]. The promissory note was executed in the amount of $21,241.41 at an interest rate of 14.95% for the purchase of a 2006 Kia Sedona.

On April 5, 2011, Debtors filed their Chapter 13 bankruptcy petition, and on April 19, 2011, they filed their bankruptcy schedules and proposed Chapter 13 plan. On Debtors' Schedule D, they list Creditor as holding a claim secured by the Kia Sedona, which Schedule D shows is valued at $6,000. Debtors' Chapter 13 plan provides for cramdown of Creditor's claim, in relevant part as follows:

> **3. SECURED CLAIMS: MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. § 506**
>
> (a) Debtor moves to value collateral as indicated in the "value" column immediately below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. . . . .
>
> | Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
> |---|---|---|---|---|---|
> | **Nuvell Credit Company** | **2006 Kia Sedona** | **$13861.98** | **$6,000.00** | **4.00%** | pro rata |

[Doc.# 13, ¶ 3]. The Chapter 13 plan was served on Creditor by first class mail on April 22, 2011. [Doc. # 15]. Creditor was also served on May 28, 2011, with notice of the court's order scheduling the July 19, 2011, confirmation hearing. [Doc. # 22].

On June 6, 2011, Creditor timely filed a proof of claim in the total amount of $14,215.76. [Claim No. 9]. The proof of claim indicates that Creditor's claim is secured in the amount of $10,250.00 and sets forth an annual interest rate of 14.95%, noting that the interest rate set forth "[m]ay not reflect rate entitled to under *In re Till*." [*Id.*, ¶ 4].

Creditor did not file an objection to confirmation of Debtors' proposed Chapter 13 plan and did not appear at the confirmation hearing. On August 9, 2011, the court entered an order confirming Debtors' Chapter 13 plan. Creditor was served with the confirmation order on August 11, 2011, and no appeal was taken.

On September 16, 2011, Debtors filed their Objection to Creditor's proof of claim. The Objection contests only Creditor's secured claim as set by Creditor's stated collateral value of $10,250.00 and the interest rate of 14.95% thereon. The Objection does not contest the total amount of the debt owed to Creditor, upon which its unsecured claim will be determined and paid by the Trustee under the plan.

2

## LAW AND ANALYSIS

The basis for Debtors' Objection to Creditor's claim is that it conflicts with treatment of the claim set forth in their confirmed Chapter 13 plan. Creditor, for its part, challenges the binding effect of the confirmation order entered in this case, arguing that Debtors impermissibly changed the interest rate and secured amount of the claim without first filing an objection to the pending proof of claim. For the reasons that follow, the court finds that the treatment of Creditor's claim in the confirmation order is binding on Creditor. The court will, therefore, sustain Debtors' Objection to the extent the proof of claim conflicts with the confirmed plan.

Initially, the court notes that a bankruptcy court's order confirming a Chapter 13 plan is a final, appealable order. *United Student Aid Funds, Inc. v. Espinosa*, – U.S. –, 130 S.Ct. 1367, 1376 (2010). "Ordinarily, 'the finality of a Bankruptcy Court's orders following the conclusion of direct review' would 'stand in the way of challenging their enforceability.'" *Id.* (citation omitted). Creditor did not appeal the confirmation order in this case. And although Rule 60(b) of the Federal Rules of Civil Procedure provides "an exception to finality that allows a party to seek relief from a final judgment," *id.,* Creditor has not sought such relief.

Nevertheless, Creditor argues, in essence, that the claims allowance process and procedures under 11 U.S.C. § 502 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure trump the plan confirmation process and, thus, the court's confirmation order and the treatment of Creditor's claim in Debtors' Chapter 13 plan. Creditor cites *In re Woods*, 406 B.R. 293 (N.D. Ohio 2009) and *Varela v. Dynamic Brokers, Inc.*, 293 B.R. 489 (B.A.P. 9th Cir. 2003), for the proposition that, after filing a proof of claim, a creditor need not object to treatment of its claim in a debtor's proposed Chapter 13 plan but may instead rely on the claims allowance process and procedures set forth in the Bankruptcy Code and Bankruptcy Rules. Because Debtors did not file an objection to its claim before confirmation, Creditor asserts that "debtor[s] should be bound by the terms of said claim." [Doc. # 41, p. 4].

But *In re Woods* and *Varela* were decided before the Supreme Court's decision in *Espinosa*. To the extent that they stand for the general proposition that a provision relating to a creditor's claim in a confirmed Chapter 13 plan is not binding on the creditor when the debtor has not filed an objection to the creditor's pending proof of claim based upon an analysis that such failure denies the creditor the substantive and procedural protections afforded to proofs of claim by the Bankruptcy Code and Bankruptcy Rules, *see In re Woods*, 406 B.R. at 296-97 (relying in large part on the holding in *Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 412 F.3d 679 (6th Cir. 2005) (finding, on due process grounds, that the finality afforded to

3

confirmed plans under § 1327(a) cannot short circuit the bankruptcy rules of procedure, which require the commencement of an adversary proceeding to discharge a student-loan debt); *Varela*, 293 B.R. at 497 (stating that "utilizing a plan confirmation proceeding as a method of objecting to a claim presents troubling policy issues in the face of rules of procedure that appear to require formal objections to claims"), *Espinosa* has emphatically changed the landscape of such analysis, *see In re Franklin*, 448 B.R. 744, 747 (Bankr. M.D. La. 2011)(stating that the Supreme Court's opinion in *Espinsoa* "has changed the analysis of the effect of confirmed chapter 13 plans.").

In *Espinosa*, the confirmed Chapter 13 plan contained an express provision to pay the principal of a student loan debt and discharge the accrued interest on that debt despite the fact that Espinosa neither initiated an adversary proceeding as required by Bankruptcy Rule 7001(6) nor obtained an "undue hardship" determination as required for discharge under § 523(a)(8). *Espinsoa*, 130 S.Ct. at 1374-75. The creditor to whom Espinosa owed the student loan debt was mailed notice and a copy of Espinosa's Chapter 13 plan and the deadline for filing an objection to the plan. *Id.* at 1374. The creditor received the notice and filed a proof of claim but did not object to the plan's proposed discharge of Espinosa's student loan interest nor did it object to Espinosa's failure to initiate an adversary proceeding to determine dischargeablity of the debt. *Id*. The bankruptcy court confirmed the plan. The creditor later sought to vacate the confirmation order, arguing that the order was void because the creditor's due process rights had been violated due to Espinosa's failure to serve it with the summons and complaint required by the Bankruptcy Rules and because the court lacked statutory authority to confirm the plan's discharge provision absent a finding of undue hardship. *Id*. at 1378. The Supreme Court rejected both arguments.

The Supreme Court found unavailing the creditor's response that it had no obligation to object to Espinosa's plan until Espinosa served it with the summons and complaint that the Bankruptcy Rules require for determining dischargeability of a particular debt. *Id.* at 1380. The Court explained that Espinosa's failure to do so deprived the creditor of a right granted by a procedural rule but that it did not deprive it of its constitutional right to due process. *Id.* at 1378.

> Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Jones v. Flowers*, 547 U.S. 220, 225, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ("[D]ue process does not require actual notice ..."). Here, United received actual notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights.

*Id.* Thus, the court found that the creditor had forfeited its arguments regarding the validity of service or

4

the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection to the plan in that court. *Id.* at 1380.

The Supreme Court also rejected the creditor's challenge to the confirmation order based on the fact that its provision discharging the creditor's claim was contrary to provisions of the Bankruptcy Code. While the Court found that the bankruptcy court's failure to comply with the statutory requirements of the Code was a legal error, it held that the order remained "enforceable and binding on United because United had notice of the error and failed to object or timely appeal." *Id.; see In re Sanders*, 243 B.R. 326, 327-29 (Bankr. N.D. Ohio 2000) (rejecting as untimely the creditor's post-confirmation argument in defense of its claim that the plan provision relating to its claim violated §§ 1322(b)(2) and 1325(a)(1)).

In this case, Creditor advances arguments materially indistinguishable from those advanced by the creditor in *Espinosa* – that the process and procedures required by the Bankruptcy Code and Bankruptcy Rules relating to the allowance of claims were not followed and, as a result, it is not bound by Debtors' confirmed Chapter 13 plan provisions relating to its secured claim. It does not dispute that it received actual notice of the filing and contents of Debtors' Chapter 13 plan and notice of the confirmation hearing and does not assert that the plan did not clearly set forth the treatment of its claim. Debtors' Chapter 13 plan did, in fact, clearly and with particularity describe the proposed treatment of Creditor's claim, expressly valuing the identified collateral at $6,000, paying that sum pro rata at 4.00% interest and treating the balance of the debt amount as unsecured. The plan provision also described its effect as a "motion...to value collateral" and cited the Bankruptcy Code section at issue. *See* 11 U.S.C. § 506(a), (d); Fed. R. Bankr. P. 3012 (a procedure for valuation of security); *In re Perales*, Case No. 11-8045, 2012 WL 902790, *3-*4, 2012 Bankr. LEXIS 1001, *9-*12 (B.A.P. 6th Cir. Mar. 12, 2012). Thus, the court finds that Creditor's constitutional due process rights were satisfied by the plan provision detailing the bifurcation and treatment of its claim. The information in the plan was sufficient to apprise Creditor that its collateral would be valued at $6,000.00, not $10,250.00, and that its resulting secured claim in that amount would be paid pro rata at 4.00% interest, not at 14.95% interest.

Nevertheless, as in *Espinosa,* Creditor did not raise its objections, including any objection regarding the process and procedures employed, before the time expired for appeal of the court's order confirming the plan. Under the reasoning in *Espinosa*, the court's order confirming Debtors' Chapter 13 plan is enforceable against and binding on Creditor. *See In re McLemore*, 426 B.R. 728, 744 (Bankr. S.D. Ohio 2010) (citing *Espinosa* and stating that "[a] creditor . . . who chooses to sleep on its rights by not objecting to a plan does so at its own peril and as long as due process requirements are met, will be bound by it."); *In re Brodeur*,

5

434 B.R. 348, 351 n.2 (Bankr. D. Vt. 2010) (noting that "[a]lthough *Espinosa* concerns whether a student loan may be discharged 'by declaration' in a confirmation order, its holding is pertinent as it articulates and defines the binding effect of confirmation orders on interested parties who receive sufficient notice."); *Malec v. Cook County Clerk (In re Malec)*, 442 B.R. 130, 135-36 (Bankr. N.D. Ill. 2011) (stating that *Espinosa* is controlling authority on the binding effect of a confirmed Chapter 13 plan and rejecting creditor's challenge to amount of its secured claim).

Moreover, unlike the confirmed plan in *Espinoso*, the treatment of Creditor's claim provided in Debtors' Chapter 13 plan is in accordance with the provisions of the Bankruptcy Code. Specifically, § 1325(a) provides for three alternative treatments "with respect to each allowed secured claim provided for by the plan." 11 U.S.C. § 1325(a)(5). One of the options given a debtor, and the option provided in Debtor's plan, is the so-called "cramdown option," which requires that the plan provide that the creditor retain its lien and that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B).[1] To that end, Debtor moved under the plan to value Creditor's collateral under § 506 at $6,000.00. *See* 11 U.S.C. § 506(a) (describing that portion of a secured creditor's claim that is an "allowed" secured claim, which is determined by the value of the collateral, and that portion that is an unsecured claim). The plan then provides that the allowed secured claim be paid in monthly payments at four percent interest. When the plan provides for installment payments under this provision, "each installment must be calibrated to ensure that the creditor receives disbursements whose total present value equals or exceeds that of the allowed [secured] claim." *Till v. SCS Credit Corp.*, 541 U.S. 465, 469 (2004). This is accomplished by providing for the payment of interest at a "prime-plus" or "formula rate" as set forth in *Till,* rather than at the contract rate of interest set forth in the proof of claim as asserted by Creditor. *Id.*

---

[1] Section 1325(a)(5)(B) provides in its entirety as follows:
 (B)(i) the plan provides that--
  (I) the holder of such claim retain the lien securing such claim until the earlier of--
   (aa) the payment of the underlying debt determined under nonbankruptcy law; or
   (bb) discharge under section 1328; and
  (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
 (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
 (iii) if--
  (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
  (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan. . . .

6

at 478-80.

In light of the foregoing, the court concludes that the Chapter 13 plan confirmation process, not the claims allowance process, determines the treatment of the Creditor's claim in this case, the extent to which the claim is secured and the interest rate to be applied in order to provide Creditor with payments that equal the present value of its allowed secured claim. Creditor's failure to object to the treatment of its claim in Debtors' confirmed Chapter 13 plan precludes it from now challenging such treatment in response to Debtors' Objection. Thus, Debtors' Objection to Claim will be sustained to the extent Creditor's proof of claim conflicts with Debtors' confirmed plan.

The court will enter a separate order in accordance with this Memorandum of Decision.

###